UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5475 PA (PJWx) | Date | April 9, 2013 |
|---|---|---|---|
| Title | Mary Rios v. LAX Parking Center, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS—ORDER TO SHOW CAUSE

At the final pretrial conference on April 5, 2013, Plaintiff's counsel acknowledged that (1) Plaintiff herself has never visited Defendants' premises, and (2) that Margarita Kouzel, who inspected Defendants' premises to determine its compliance with the Americans with Disabilities Act ("ADA"), was not disclosed to Defendant (or even hired by Plaintiff) until April 1, 2013, the Monday prior to the final pretrial conference and five weeks after the discovery cutoff date.

Rule 26 of the Federal Rules of Civil Procedure requires a party to provide certain initial disclosures and to supplement those disclosures as litigation progresses. Fed. R. Civ. P. 26(a), (e). Of relevance here, parties must make their initial disclosures at or within 14 days after the parties' Rule 26(f) conference, and must supplement those "in a timely manner." Fed. R. Civ. P. 26(a), (e). Under Fed. R. Civ. P. 37(e), the Court may prevent a party from presenting at trial a witness or evidence not disclosed in violation of Fed. R. Civ. P. 26(a) or (e). Rule 37 vests the Court with broad discretion in sanctioning parties for discovery violations, including striking pleadings in whole or in part or dismissing the action. See Fed. R. Civ. P. 37(c)(C).

Moreover, Rule 11(b)(3) provides that, by submitting a paper to the court, an attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,] . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . ." A court may, on its own, "order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). If, after the party or attorney facing sanctions has a reasonable opportunity to respond, "the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

In light of Plaintiff's failure to disclose (or even hire) Margarita Kouzel  – a witness essential to Plaintiff's prima facie case given that Plaintiff herself never actually visited Defendants' premises – until four days prior to the final pretrial conference, and well after the close of discovery, the Court orders Plaintiff to show cause, in writing no later than 3:00 p.m. on Thursday April 11, 2013, why she

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5475 PA (PJWx) | Date | April 9, 2013 |
|---|---|---|---|
| Title | Mary Rios v. LAX Parking Center, Inc., et al. | | |

and her counsel should not be sanctioned pursuant to Rule 37 and Rule 11, respectively, including by the striking of the Complaint in its entirety.

    IT IS SO ORDERED.